UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

CONSTANCIA N. LOPEZ,

    Plaintiff,

v.

MICHAEL J. ASTRUE, Commissioner of Social Security Administration,

    Defendant.

_____/

No. C 07-2649 PJH

**ORDER DENYING PLAINTIFF'S MOTION FOR ATTORNEY'S FEES**

Plaintiff Constancia Lopez applies for an award of attorney's fees and costs pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. 2412(d), for the time that her attorney, Harvey P. Sackett ("Sackett"), expended on appeal before this court of the Commissioner's final decision denying plaintiff's disability insurance benefits under Title II of the Social Security Act. Having carefully reviewed the parties' papers and considered their arguments and the relevant legal authority, the court hereby DENIES plaintiff's motion, for the following reasons.

**BACKGROUND**

On August 12, 2008, the court granted in part and denied in part both Lopez's and the Commissioner's respective motions for summary judgment, and remanded the matter for limited further proceedings before the administrative law judge ("ALJ"). There were three main issues (which included sub-issues) before the court on appeal, and the court granted the Commissioner's motion and denied Lopez's motion as to two of the three

issues. As for the third issue, whether the ALJ failed to consider Lopez's non-severe mental impairments during his Step Four analysis, the court found that the ALJ erred when he failed to articulate or explain his consideration of Lopez's non-severe depression.

Specifically, the court stated in the August 12, 2008 order:

> There is evidence in the record that suggests the ALJ may have considered Lopez's non-severe mental impairments at Step Four of his analysis. The record shows that at Step Four, the ALJ proffered a hypothetical to the VE that took into account Lopez's non-severe depression. Specifically, the ALJ asked the VE whether someone with a mild mental RFC for activities of daily living, mild for social function, mild for concentration, persistence, and pace, with no episodes of decompensation could perform Lopez's relevant past work. A.T. 310-11. Accordingly, given this hypothetical, the ALJ may have accorded some consideration to the limiting effects of Lopez's non-severe depression in his RFC determination.
>
> However, the ALJ failed to *articulate* this consideration in his decision. At Step Four, the ALJ had a duty to set forth a detailed analysis of the reasoning that formed the basis of his conclusions. *See* SSR 98-6p (describing the extensive narrative discussion requirements of the ALJ). Accordingly, the ALJ was required to make specific findings on the record at each phase of the Step Four analysis. *See Pinto v. Massanari*, 249 F.3d 840, 847 (9th Cir. 2001) (finding error where "ALJ, although noting [claimant's] limitation in both his findings of fact and hypothetical to the vocational expert, failed to *explain* how this limitation related to his finding that [the claimant] could perform her past relevant work") (emphasis added).
>
> In *Pinto*, the Ninth Circuit faulted the ALJ for the same type of error. *Id.* In that case, the Ninth Circuit was concerned with the ALJ's failure to explain how the claimant's illiteracy factored into his analysis regarding her ability to perform her past relevant work. *Id.* at 846. The *Pinto* court noted that although the ALJ likely considered the claimant's limitation in a hypothetical to the VE, the ALJ erred by failing to explain how this limitation related to his finding that the claimant could perform her relevant past work. *Id.* at 847. The Ninth Circuit remanded the case because, among other reasons, the court found it difficult to review the ALJ's decision without a sufficient explanation for his reasoning. *Id.*
>
> Like *Pinto*, in this case, the ALJ's decision does not properly explain his consideration, if any, of Lopez's non-severe mental impairment at Step Four. In fact, the ALJ fails to mention at all Lopez's mental impairment in his decision on the issue of her RFC. Moreover, he also fails to mention or discuss the effect of Lopez's non-severe impairments in combination with, and upon, her severe impairments. Accordingly, remand is necessary so that the ALJ may consider Lopez's non-severe mental impairments in his RFC assessment if he did not do so previously; or, if he did, so that he may articulate its impact on his ultimate RFC finding. *See id.; see also Carmickle v. Comm'r, Soc. Sec. Admin.*, No. 05-36128, 2008 WL 2841163, at *7 (9th Cir. July 24, 2008).

Order at 9-10.

In remanding the case to the ALJ, the court was, however, very clear that it found "the ALJ's decision to have been substantially correct," that the case was remanded to the ALJ for the limited purpose of "clarify[ing] the impact of Lopez's non-severe impairments on [the] RFC determination at Step Four," and that "[i]n all other respects," the court was granting the Commissioner's motion and denying Lopez's motion. Order at 19.

## DISCUSSION

### A. Legal Standard

Under the EAJA, an applicant for disability benefits becomes the prevailing party when the denial of benefits is reversed and remanded. *Gutierrez v. Barnhart*, 274 F.3d 1255, 1257 (9th Cir. 2001) (citing *Shalala v. Schaefer*, 509 U.S. 292, 300-02 (1993)). A prevailing party may recover attorneys' fees and costs *unless the court finds the government's position was substantially justified* or that special circumstances exist which would render an award of fees and costs unjust. 28 U.S.C. § 2412(d)(1)(A) (emphasis added). The government has the burden to show that its position was substantially justified or that special circumstances existed. *Gutierrez*, 274 F.3d at 1258.

### B. Motion for Attorney's Fees

Lopez's counsel, Harvey Sackett, requests a total of $8,679.45 in attorney's fees and costs. That represents $8,003.73 in fees; $296.80 for 2.8 hours of paralegal work at a rate of $106.00 per hour; and $378.92 in costs. As for the attorney's fees, Sackett asserts the fees are based on 43.3 hours of work, including time preparing the motion for fees and the reply. He requests compensation for 32.95 hours at the 2007 rate of $176.62 per hour, and for 10.35 hours at the 2008 rate of $182.35 per hour. The Commissioner opposes the motion, arguing first that fees are inappropriate since its position was substantially justified; and second, that the fees requested are unreasonable.

The court first considers whether the Commissioner's position was substantially justified.

////

3

### A. Substantial Justification

"'Substantially justified' means 'justified in substance or in the main' - that is, justified to a degree that could satisfy a reasonable person." *Gutierrez*, 274 F.3d at 1258 (quoting *Pierce v. Underwood*, 487 U.S. 552, 563 (1988)). This standard is met when "reasonable people could differ as to the appropriateness of the contested action." *Pierce*, 487 U.S. at 564. A substantially justified position must have a basis in both law and fact. *Gutierrez*, 274 F.3d at 1258 (citing *Flores*, 49 F.3d at 569 ("[i]n this circuit, we apply a reasonableness standard in determining whether the government's position was substantially justified for purposes of the EAJA").

In her opening motion, Lopez argues that the Commissioner's position on appeal defending the ALJ's decision on the remanded issue was not substantially justified because the ALJ's decision had no reasonable basis in law. She also asserts that this court held that the ALJ's decision conflicted both with Ninth Circuit precedent and with agency policy.

In opposition, the Commissioner points out that the court disagreed with all but one of the multiple issues and sub-issues raised by Lopez in her summary judgment motion. As for the remanded issue, the Commissioner argues that the court's decision itself demonstrates that his decision to defend on the issue was substantially justified. He notes that although the court ultimately remanded because the ALJ did not articulate his consideration of Lopez's non-severe depression, it nevertheless acknowledged that there was "evidence in the record that suggests that the ALJ may have *considered* them," specifically in the form of his hypothetical to the vocational expert. The Commissioner asserts that this demonstrates that his position was reasonable in fact.

The Commissioner further argues that his position was also reasonable in law, reiterating the arguments he made in his summary judgment brief and opposition pursuant to Social Security Ruling ("SSR") 96-8p and the Ninth Circuit's decision in *Hoopai v. Astrue*, 499 F.3d 1071 (9th Cir. 2007).

In reply, citing to *Flores v. Shalala*, 49 F.3d 562 (9th Cir. 1995), Lopez implies that

the fact that she "won" on only one issue does not make the Commissioner's position substantially justified.[1]

Lopez is correct that she need not prevail on every issue in order to receive fees under the EAJA. However, the court finds that the Commissioner's position in its summary judgment motion and opposition as to the issue upon which Lopez prevailed was reasonable both in law and fact, and thus substantially justified, precluding an award of fees. *See Flores*, 49 F.3d at 569 (inquiry is whether Commissioner's position with respect to issue on which court based its remand was "substantially justified"). First, based on the court's discussion of the record and the evidence in its August 12, 2008 order, the Commissioner's position was reasonable in fact.

The court also finds that the Commissioner's position was reasonable in law. It first notes that contrary to Lopez's assertion otherwise, in its August 12, 2008 order, the court did *not* hold that the ALJ's decision was contrary to agency policy. Second, even though the court was persuaded that this case was similar to the *Pinto* case, 249 F.3d at 847, thus requiring remand for additional findings, the Commissioner's argument that this case was more akin to *Hoopai,* 499 F.3d at 1075, and that the ALJ therefore was not required to make specific RFC findings regarding Lopez's non-severe depression, was reasonable. *See Lewis v. Barnhart*, 281 F.3d 1081, 1083 (9th Cir. 2002) (concluding that Commissioner's position regarding ALJ's characterization of claimant's testimony at step four was "substantially justified" even though district court reversed and remanded issue).

**B.     Reasonableness of Fees**

Because the court finds that the Commissioner's position was substantially justified, it need not reach the individual objections to Sackett's fee request.

////

---

[1] Lopez also cites to two other unpublished district court decisions by other judges on this court in support of her argument that it was unnecessary that she prevail on all issues. The court finds those decisions unhelpful in assessing whether the Commissioner's position was substantially justified under controlling law.

5

**CONCLUSION**

Because the Commissioner's litigation position was substantially justified, Lopez's motion for attorneys fees pursuant to the EAJA is DENIED.

**IT IS SO ORDERED.**

Dated: May 15, 2009

_____
PHYLLIS J. HAMILTON
United States District Judge