UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

CONSTANCIA N. LOPEZ,

    Plaintiff,

    v.

MICHAEL J. ASTRUE, Commissioner
of Social Security,

    Defendants.
_____/

No. C 07-02649 PJH

**ORDER GRANTING REQUEST
FOR ATTORNEY'S FEES**

Before the court is plaintiff and claimant, Constancia Lopez's motion for attorney's fees. Having carefully reviewed the parties' papers and considered the relevant legal authority, the court hereby GRANTS plaintiff's motion for the reasons below.

**BACKGROUND**

Lopez applied for disability and disability insurance benefits under Title II of the Social Security Act ("SSA"). The Social Security Commissioner ("Commissioner") denied her application both initially and upon reconsideration. On March 16, 2007, the Appeals Council denied Lopez's request for review of the Administrative Law Judge's ("ALJ") decision.

Lopez filed an appeal with this court on May 18, 2007. On November 6, 2007, Lopez filed a motion for summary judgment and an alternative motion for remand. The Commissioner filed a cross-motion for summary judgment on November 13, 2007. The court granted in part and denied in part both Lopez's and the Commissioner's motions for summary judgment, and remanded the case to the ALJ to clarify the impact of Lopez's non-severe impairments on his residual functional capacity determination.

Subsequently, Lopez filed a motion for attorney's fees pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d), for the time her attorney, Harvey P. Sackett,

expended on the appeal before this court. The Commissioner opposed the motion, contending that attorney's fees were inappropriate because his position on summary judgment was substantially justified. This court found that the Commissioner's litigation position was substantially justified, and denied Lopez's motion for attorney's fees pursuant to the EAJA.

On remand, on December 31, 2009, the Commissioner awarded Lopez $59,112.00 in past-due benefits. Lopez had previously retained Sackett and Associates as her counsel beginning January 13, 2006. Under the terms of the contract between Lopez and Sackett and Associates, a maximum of 25% of past-due benefits could be withheld for attorney's fees for work performed under § 406(a) and (b). Lopez filed the instant motion for attorney's fees on June 17, 2010, requesting this court to award $14,778.00 as a reasonable attorney fee under 42 U.S.C. § 406(b).

**DISCUSSION**

A.   Legal Standard

Attorneys handling social security proceedings may seek fees for their work under both the EAJA and the SSA. While the government pays an award pursuant to the EAJA, an award pursuant to § 406(b) of the SSA is paid out of a successful claimant's past-due benefits. Russell v. Sullivan, 930 F.2d 1443, 1446 (9th Cir. 1991), abrogated on other grounds by Sorenson v. Mink, 239 F.3d 1140, 1149 (9th Cir. 2001). Congress' intent in implementing § 406(b) was to promote social security claimants' access to competent representation by making it easier for attorneys to collect fees. See Gisbrecht v. Barnhart, 535 U.S. 789, 805-06 (2002). In so doing, however, Congress also sought to protect claimants from excessive fees. Id.

The pertinent statute, 42 U.S.C. § 406(b)(1)(A), provides that a court may award a "reasonable" attorney fee not in excess of 25% of past-due benefits under Title II of the SSA for an attorney's representation of a plaintiff for Title II benefits before that court.

The proper method for calculating attorney fees under 42 U.S.C. § 406(b) is one that gives effect to an attorney-client contingent fee agreement if the resulting fee is reasonable.

See id. at 808.  This method is often referred to as the "contingent-fee method."  Id. at 797-802.

B.  The Parties' Arguments

In her motion, Lopez requests the court order attorney's fees in the amount of $14,778.00, pursuant to 42 U.S.C. § 406(b).  Lopez argues that the requested amount of attorney's fees is reasonable for the following reasons.

First, Lopez notes that her contingent-fee request was made pursuant to a valid contingent-fee agreement.  As noted, under the agreement, Lopez contracted with Sackett and Associates to pay 25% of her past-due benefits as attorney's fees.  By requesting $14,778.00 of the $59,112.00 in past-due Title II benefits paid, Lopez asserts that the contingent-fee request is within the statutory maximum of 25% of past-due benefits.

Second, Lopez argues that the requested fee is reasonable because the fee reflects the contingent nature of the recovery.  Lopez points to statistics showing that as a class, civil actions for Social Security and Social Security Insurance disability benefits have a significant risk of loss.  Using data taken from the Social Security Advisory Board, Lopez argues that it is reasonable to conclude that claimants who go to court ultimately prevail about 36.49% of the time.[1]  Consequently, Lopez asserts that in order to make up for the risk of loss, an attorney could charge a winning client about 2.74 times the fee the attorney charges a client paying on a non-contingent basis.[2]

Lopez proceeds to argue that the risk of loss in this case justifies the requested hourly fee.  She points first to the fact that the Commissioner denied her relief four times prior to the commencement of this appeal.  Furthermore, Lopez contends that the substantive challenges presented by this case justify the requested hourly fee.  Lopez concludes that considering the impact of the risk of loss, coupled with her attorney's     non-

---

[1] See Soc. Sec Advisory Bd., *Disability Decision Making: Data and Materials* (Mar. 2006), at 89, available at http://www.ssab.gov/documents/chartbook.pdf.

[2] Plaintiff's counsel arrived at the 2.74 multiplier for use in calculating a proper attorney's fee in light of the risk posed by the litigation by taking a 100% success rate and dividing it by the probability of loss, 36.49%.

contingent hourly rate of $315 to $440, she could reasonably ask for an hourly rate of $863.10. Consequently, Lopez asserts that an hourly rate of $441.79 is reasonable.

To further support the reasonableness of the fee, Lopez emphasizes that she traditionally charges $440.00 for <u>non-contingent</u> hourly representation. Also, Lopez notes that according to a 2008 Survey of Law Firm Economics, other attorneys in her local marketplace for legal services also earn approximately $440.00 per hour on a <u>non-contingent</u> basis. Altman Weil Publication Inc., <u>Consolidated Metropolitan Analysis - San Francisco</u> (2008). Therefore, Lopez argues that because her counsel's contingent fee is nearly equivalent to the non-contingent fee requested here, the requested fee is reasonable.

Lastly, Lopez argues that the fee should not be reduced because there is no profit for delay of litigation in this matter. Lopez asserts that she received eight years of past-due benefits, and during that period no extensions were sought.[3] As a result, Lopez contends that the requested fee should not be reduced for delay.

In opposition, the Commissioner does not dispute the amount of fees Lopez has requested, nor does the Commissioner object to the fee request. Following the Commissioner's determination on remand that Lopez is in fact disabled, the Commissioner withheld $14,778.00 from Lopez's past-due benefits in order to pay her counsel.

C. Legal Analysis

The only issue to be resolved is whether Lopez's motion for attorney's fees is reasonable. Courts have an independent duty to review contingency-fee arrangements in order to assure that they yield reasonable results in particular cases. <u>Gisbrecht</u>, 535 U.S. at 807. However, "Congress has provided one boundary line: Agreements are unenforceable to the extent that they provide for fees exceeding 25 percent of the past-due benefits. Within the 25 percent boundary . . . the attorney for the successful claimant must show that the fee sought is reasonable for the services rendered." <u>Id.</u>

---

[3] The docket reflects that Lopez's attorney actually filed three requests for extensions in this matter, two of which were approved by the court.

4

In this case, it is clear that Lopez entered into a contingency-fee agreement with Sackett and Associates. Accordingly, pursuant to Lopez's successful claim she requests attorney's fees totaling $441.79 per hour, or $14,778.00 for 33.45 hours of attorney work. The fee amount of $14,778.00 is also equivalent to 25% of the past-due benefits issued to Lopez, which totaled $59,112.00.

Therefore, on its face the requested fee amount is "not in excess of 25 percent of the total of the past-due benefits to which" Lopez is entitled as a result of the Commissioner's findings. 42 U.S.C. § 406(b)(1)(A). Because Lopez's requested fee amount does not exceed the statutory maximum, the only determination for the court is whether the requested fee amount is reasonable, or subject to deduction.

Lopez has a duty as the successful claimant to show that the fee sought is reasonable for the services provided. Id. at 807. The Court set forth in Gisbrecht two reasonableness considerations for an attorney's fee request pursuant to a contingent fee agreement. Id. at 808.

### 1. Reduction for Delay

A court may reduce requested attorney's fees if counsel is responsible for delay in the litigation. Id. In this case, Lopez received past-due benefits for an eight-year span. Lopez asserts that during this span her counsel sought no extensions of time. Even though this is inaccurate, the court finds that the extensions caused no unreasonable delay, or injury. Accordingly, the requested fee amount will not be reduced on this basis.

### 2. Requested Fees Excessively Large in Relation to the Amount of Time Counsel Spent on the Case

When a requested fee amount is excessively large in relation to the time the prevailing party's counsel spent on the case, a court may reduce the fee amount in order to prevent counsel from receiving a windfall. Id. Although a court has the authority to require counsel to provide a record of the hours worked along with counsel's regular hourly billing rate for non-contingent representation, it is the moving party's responsibility to establish that the fee sought is reasonable. Id. at 807-08.

Here, Lopez presents evidence that the fee requested is reasonable by providing the court with both a record of the hours worked and the regular hourly billing rate for non-contingent representation.  Lopez requests $14,778.00 for 33.45 hours of attorney work, which is equivalent to $441.79 per hour.  Lopez asserts that the maximum hourly rate she requests for non-contingent fee representation of Social Security Disability Insurance ("SSDI") benefits is $440.00.  Lopez argues that the non-contingent fee in conjunction with the risk of loss of the case makes the requested fee of $441.79 reasonable.  This argument is persuasive because Lopez had already been denied relief four times by the Commissioner prior to the commencement of this action.  Consequently, it was more than likely that Lopez was not going to receive any benefits, and for such a risk counsel will be compensated.  Therefore, based on the risk of loss in this case coupled with a consideration of Lopez's attorney's non-contingent fee charge, the court finds that the requested fee of $14,778.00 is not excessively large in relation to the amount of time Lopez's counsel spent on this case.

Therefore, the court finds Lopez's fee request is reasonable and GRANTS Lopez's request for attorney's fees in the amount of $14,778.00 under 42 U.S.C. § 406(b).

**IT IS SO ORDERED.**

Dated: January 20, 2011

_____
PHYLLIS J. HAMILTON
United States District Judge

6